Mr. Cascarano. Yes, I'm here. All right, counsel, you may proceed. Thank you, Your Honor. Good morning, Your Honors. My name is Craig Cascarano, opposing counsel as well. Good morning. I represent Mr. Eggerson in this matter before the court. I would like just a cut to the chase here. The question is whether or not, first of all, there were two search warrants executed, one on Mr. Eggerson's residence in March and another in April on a cell phone. The threshold question with regard to the March warrants is whether or not the warrant was general in nature, was not particular in describing what phones could be searched. And in addition, what in the phone could be searched. It's our contention that that is a general warrant that therefore lacks probable cause. I think what is curious about that issue is the affiant who was a law enforcement officer who did not file a written affidavit but testified, did not even mention the use of cell phones in the two controlled buys that precipitated his request for the search warrant. I have made reference to that in my brief because I think the courts can conclude that the judge who authorized the warrant, which was presented, of course, by law enforcement, that it was just a boilerplate request for search of the cell phones. That was subsequently, of course, signed by the court and executed by law enforcement. And when they did that, they went into a cell phone and observed the video of Mr. Eggerson firing. I think there's an AK forty seven on a rural property. It's our position that that warrant that was initially signed in March is a general warrant lacks probable. The evidence should be suppressed based on that. Now, I want to make one comment regarding that. I believe the magistrate in the report and recommendation did make reference that probable cause on that particular warrant may be a problem. However, she never reached that issue because she felt as though the war was saved by the good faith exception that we all know about that was enunciated in. So, when I say I want to cut to the chase, I think the issue with regard to the March warrant is whether indeed it was over broad and a general warrant number one, and if it was, whether or not it can be saved by the good faith exception. I have reflected in my brief the last page that I am not unmindful of the faces that this. Or has that authorize and legitimizes search warrants based upon good faith except however, in this particular case, I find it curious and perhaps odd that we might even have empirical evidence to show that law enforcement did indeed not have a reasonable grounds on which to believe the warrant was legitimate because the same police. A phone that he had searched in the March one. I think the burning question in this particular case is why in the world would law enforcement request that second warrant if they thought the first one was legit? I believe that both warrants almost identical in requesting that they searched the phone for drug activity. The second warrant, curiously, the April 4th warrant does not authorize or does not request the search of the phone for firearms that was exactly the focus of that. Curiously, law enforcement did not put in the affidavit portion of the warrants. The communication that they had with the one known law enforcement agency dealing with a separate and distinct investigation with regard to Mr. Eggerson and firearms. I find it curious and odd that law enforcement would not enter that in the affidavit portion of the April 4th warrants. But again, I think why would law enforcement request a second warrant if they felt that the March warrant was authorized and had a reasonable belief that it had got the cause? And so I think those are the issues that we have tried to outline in our brief council. Can I ask you what's what I think is not for us? One aspect of the warrant that concerned me was the ability to seize all and search all electronic devices in the case. But I don't understand you. I understand you'd be making the argument you just made that you're not really arguing that the electronic devices presented a problem in terms of particularity or otherwise. Am I correct about that? No, I think they both dovetail your honor and meet the guy was inarticulate in my brief. The March warrant authorizes the search and seizure of any cell and then, of course, goes on to say that there can also be forensic analysis of all cell phones. It's I think the though that language all comes underneath kind of the purview of overbroad and general. Not only was it not in other words, the search warrant said all cell phones, which in our in our view is general and it did not even identify particularly where they could go into with a cell phone or what cell phones they could take. So, I think it's all the same. I kind of struggled with how I could articulate that to you folks this morning and the best that I could come up with is it all comes with under the purview of being overbroad in general. And so that's how I would, I would characterize that. Of course, we rely on the Griffith case. I understand that the magistrates as well as the court did not agree that that was necessarily helping our side of the fence. I respectfully disagree with that. I think the holding is that if you have a search warrant that request for any and all cell phones, that's general in nature. The other last thing I want to say is this with regard to the April 4th warrants. Um, the magistrate made reference to the independent doctrine, independent source doctrine, and I respectfully suggest that that is in a positive in this particular case, because I believe that the only reason law enforcement asked for the April 4th warrant is they had some questions as to whether or not mark warrant was in fact legitimate. And again, they are almost identical. And April 4th warrant authorizes a search for drug related activity. But the focus of that warrant, based upon the previous communication with Winona, was for firing, violating not drug activity. And so I believe that in the event that the affiant included all the information that he had from Winona, that law enforcement may, I mean, the magistrate may not even authorize the search of that cell phone for a firearm violation when indeed they were under the but indeed they were really looking for firearm violation. Beyond that, I have nothing further. Thank you very much. Counselor, can I ask you one question about this, which is, I understand the warrant to to talk about, and it's not listed with regard to the cell phones themselves, but elsewhere in the warrant, it talks about evidence of trying to find the exact finding evidence of drug trafficking and firearms possession. Could that, I mean, could a reasonable officer going to the good faith exception, read that limitation elsewhere in the warrant to also apply to the cell phones, thus making the the warrants a little more particular, or at least a reasonable officer could view it as being more particular. I understand that judge, and we try, I tried to address that in my brief that we are not unmindful of the fact, of course, that cell phones are routinely used in drug activity, but I would respectfully suggest that it is rare to find videos regarding drug activity and controlled by nevertheless. It could read that. However, I think the threshold issue is, it still does not particularize what cell phones they can look into. So, in other words, it's still a general nature. So we can, the search warrant says you can search all cell phones, any cell phone, even if it's not involved in this particular case, and indeed look for firearm violations or for evidence of firearms and drugs. It still comes within the purview of being overbroad. So I don't think the entry in the March search warrant that talks about firearms is dispositive because it's still overbroad in a general warrant in its initial phase. And given those circumstances, of course, based upon my argument that their only reason for the August 4th warrant is to cure. For example, cure the defects of the March warrant that it's in certain. Thank you. I have nothing further. If there's no further questions, I appreciate your time. All right, Mr. Jacobs. Thank you. May it please the court, your honors, assistant United States attorney, Harry Jacobs, on behalf of the United States of America. The warrant that authorized the search of Eggerson's cell phone was valid. Because it was based on adequate, probable cause. In addition, officers acted reasonably and in good faith, relying on a presumptively valid warrant. Counsel, can I ask a very basic question here? Is the government defending the April search warrant in this appeal? We're not, your honor. Okay, so, um, I think is the independent source rule. Is that waived on appeal? Then I think the district court use that as part of its analysis. Is that's not before us. Am I correct? That's correct. Your honor. Counselors. I'm sorry. Go ahead. No, please. Your honor. Um, counsel suggested that the application for the second warrant, um, is somehow relevant to the issue of whether or not the good faith exceptions or the should apply here. Would you respond briefly to that? Please? Absolutely. Your honor. Uh, with respect to whether or not the April 4th warrant matters, I tie that back to whether or not the Afian made a deliberate or reckless or false or misleading statement in testimony in support of the warrant. And I, and I would say he didn't, your honor. Um, the question is whether officers at the time they obtained and executed the first warrant in March reasonably presumed that warrant to be valid, um, that they later obtained a second warrant does not make any statements in the first warrant, false or misleading. Um, the question here before the court is what the officer believed at the time. Um, at the time he swore out testimony in support of that first warrant and executed that first warrant. And that's the question with respect to a good, good faith. I would submit your honor. Thank you. And your honors, I'm happy to address good faith. Um, certainly in a minute I would submit to the court that there was probable cause for the cell phone search warrant, not relying on good faith for three reasons. Importantly, each of these three reasons provides independent basis for probable cause. First, it was reasonable for the magistrate to conclude that cell phones generally have a nexus to drug dealing activity. Second, the statements made by the Afian provided probable cause as to the specific connection between the cell phone and drug dealing activity. And third, regardless of probable cause connecting the cell phone to illegal activity, cell phones, in this case could contain items listed in the search warrant that were clearly supported by probable cause. Can I ask you a factual question on that point, which is what investigator Mancuso testified, uh, in favor of obtaining the search for, and that's my understanding of what happened. Did he know or express at any point in the record that we can see, is there any, any expression of this, that he knew that Eggerson owned a cell phone? Your honor, at the time that he testified for the March warrant, he didn't express that. However, there is information and evidence in the record that he did. In fact, uh, I'd point your honors to the April search warrant. Um, and that affidavit actually includes information that suggests that, uh, investigator Mancuso did in fact know that Mr. Eggerson, uh, had a cell phone and in fact used a cell phone, to facilitate the, the, uh, drug transactions in question here. Well, that would be relevant for good faith. I think what he knew in April, presuming that we can say you knew that in March as well. Um, but I'm not sure that that gets you over the probable cause necessarily. Absolutely. Your honor. And I agree with you that that's certainly as to the question of good faith and what was known to the officer at that time, with respect to your question specifically as to probable cause your honor is right. That the affidavit testimony did not specifically mention the role of cell phones to these drug transactions. However, there was testimony that more broadly referred to communications. The testimony said that Eggerson quote reached out to the confidential informant. The testimony said that the confidential informant quote made contact with Eggerson. I think it's reasonable that the magistrate inferred from, uh, from this testimony that was included for the March search warrant affidavit that there was in fact, cell phone, um, cell phone communication. Uh, you know, I point your honors to the oft quoted language from Riley V. California cell phones are now such a pervasive and insistent part of daily life that the proverbial visitor from Mars might conclude they were an important feature of human anatomy. And indeed the report and recommendation even echoed that language and sentiment and noted that because of the modern ubiquity of cell phones as a primary means of communication for most people, it was not unreasonable for the issuing judge to make that inference. Oh, more importantly, your honors, regardless of whether there was specific probable cause connecting the cell phone to illegal activity, the cell phone could contain items listed in the search warrant for which were I don't think it's in dispute that there was probable cause as to drug dealing activity, that there was probable cause as to possession of a firearm. This court has held that a cell phone may be searched when it may contain, uh, other items listed in a search warrant, United States began boa four, three, nine F third at eight Oh seven, a more recent decision by this court in United States, the Oliver found that cell phones could contain other items specifically mentioned in a search warrant. And therefore the search of the cell phone was proper. In this case, cell phones here could have contained, um, could have contained information that was specifically authorized by the warrant, such as records of transactions or what your honors mentioned before items tending to show possession of firearms, because the cell phones could contain this type of information that was expressly authorized by the search warrant that provided probable cause to search cell phones, regardless of whether or not there were facts related to the use of cell phones for any particular drug transaction. Eggerson, uh, references United States V Griffith. However, I, I, um, submit to your honors that that does not support Mr. Eggerson's argument that the search warrant was overbroad. In particular, the Griffith case was relying on the fact that there were multiple indicators specific to that case that showed that the defendant was unlikely to own a cell phone, including that he was just released from confinement and that his co-conspirator, uh, did not use or, or own a cell phone. These indicators are not present in this case. And indeed, as I mentioned previously, your honors, there were, there was testimony included in the search warrant affidavit that, um, that Mr. Eggerson that leads to a reasonable inference that Mr. Eggerson may have used a cell phone that the confidential informant made contact that Mr. Eggerson reached out. These are our, our phrases that in the totality of the circumstances lead to a reasonable inference that a cell phone was used in light of Riley V California, the ubiquity of cell phones. This is how people communicate, um, in, in this day and age. And it's a reasonable inference that a cell phone was used. Counsel. Can I ask you about the particularity requirement? I think it's, I mean, if we don't get to the good faith exception, I think it's awfully close here because this warrant is really broad. I mean, it covers all electronic devices, not just cell phones. Um, and I'm a little, I don't know that rice level of so facially deficient that a reasonable officer would know it was, you know, it was so deficient, but, um, could you address particularity? Because that's my major concern with, with this particular warrant, your honor. I, I understand the concern there. Um, and I understand, um, but with respect to the particularity requirement, I, you know, I'd start by noting that particularity is a standard of practical accuracy rather than a hyper technical analysis. And I think that's an important thing to keep in mind, particularly in the context of this case and a fast moving drug investigation. Uh, law enforcement could not have known at the time they were seeking a search warrant, the precise form that the evidence in this case would take, um, the evidence that they had probable cause to seize could have been stored anywhere on a cell phone or other types of electronic devices, as, as mentioned previously, with respect to probable cause, uh, if there's probable cause to search for an item, such as a ledger or record of communication or an item tending to show possession of a firearm, then there's probable cause to search in places where that might be found. And in this case, but if you're really concerned about a cell phone, uh, why not limit it to cell phones? I just think, you know, I don't, for example, if it wouldn't, if there was a kid's tablet in the, or a kid's computer in the, in the, uh, in the house, this would have been covered by the search warrant, but you don't seem to be making the same arguments that you're making on a cell phone, texting, uh, communicating with potential, uh, drug buyers, et cetera. And I can't imagine that a kid's computer, um, or a kid's tablet would contain evidence of drug dealing. Well, your honor respectfully, I think you're probably right, but it's cert it, that can't be said with certainty. And, and the point of, um, the particularity requirement is to outline places where the evidence could be found. It's unlikely potentially that a kid's tablet contains information outlined in the search warrant, but it's certainly possible. It has the technological capability to hold that information. And while in normal circumstances, you or I may not think that someone would, um, hide illicit information on a kid's tablet, that may in fact be a reason to hide information on that tablet. And that's precisely why the particularity requirement is one of practical, uh, accuracy and not a hyper-technical requirement because grounded in the real world constraints of this investigation, the fast moving drug investigation, a search warrant, the search warrant here was as particular as the circumstances allowed. And, and your honor, I respectfully submit that that is what the fourth amendment requires. Do you read the limitation elsewhere in the warrant? I asked the opposing counsel. I just want to have, I want to make sure that you agree or that you actually, that you agree with the question itself, which is the limitation on a firearm possession and drug trafficking that appears elsewhere in the warrant. Do you read that as modify, um, basically the remainder of the warrant, which is, this is what you're looking for. And therefore that is a limitation on what may be found and looked at. I absolutely do your honor. I think that, um, those are the guiding terms in, in terms of how this warrant should be interpreted. Uh, the remainder of the warrant lists certain places to be searched. Um, as you say, some of those places are particularly broad, um, but places where information relating to firearms, relating to narcotics and drug distribution would be found. For example, the warrant allows for the search of a person on the property. Certainly that's not a search for anything relating to that person or anything on that person. It's allowing an authorizing a search for items relating to drug trafficking, possession of a firearm. Your honors, if there are no further questions on probable cause or particularity, I turn now to the good faith exception. The good faith exception applies because law enforcement acted with objective good faith and obtaining a warrant to search the phone. As I previously mentioned, evidence in the record reflects that the AFI new additional information not included in the testimony in support of the warrant regarding the use of the specific Eggerson cell phone to set up the drug buys in particular that April search warrant, which is included in the government's addendum stated that the confidential informant used a cell phone to make contact with Eggerson for the second controlled by in determining the presence of good faith reliance on a search warrant, the court must consider the totality of the circumstances, including information that was not presented to the court, but was known to the officer at the time. And based on the total totality of the circumstances, the officer acted in good faith. In addition, the testimony in support of the warrant was not so lacking in probable cause as to render official belief in its existence, entirely unreasonable for the reasons I mentioned earlier. I mean, as a report and recommendation and district court concluded, there may have actually been an adequate articulation of probable cause despite the certain imperfections with the search warrant and therefore law enforcement's belief in the same cannot be said to be entirely unreasonable. In addition, as I addressed at the outset, I do not believe that the fact that officers sought and obtained a subsequent search warrant makes any statements in the original search warrant false or misleading. The question, as I said previously, is what was in the officer's head and how he acted at the time he obtained and executed the original search warrant. In addition, there's no evidence that the warrant was facially deficient and there's no evidence or argument that the issuing judge didn't wholly abandoned his judicial role or failed to act in a neutral manner for these reasons, Your Honor, even if the court concludes that the, that there was not sufficient probable cause in support of the warrant, I submit that the warrant is still valid based on the good faith exception. If your honors have no further questions, I would see the rest of my time. Very good. Thank you, Mr. Jacobs and Mr. Cascarano, you have almost a little under four minutes. I will try to be very brief as I have done these arguments. A person much wiser than me has always said, never say anything that doesn't acknowledge the silence. But I'd like to breach that proverb and just mention one or two things. I think with all due respect, I'm not unmindful of what the Leon case holds and what good faith exception provides with regards to the warrant, but I very vociferously just to the outstanding question here as to why in the world did investigator Mancuso even apply for the second warrant? If he knew that the first one was legitimate, they are identical and I review of the record does indicate that maybe I'm wrong, but I'm I review of the record is that he was aware that the Ramona people were investigating Mr. Eggerson for violations and observed those firearm violations on that phone. It is rare as I've said that we sometimes are able to look into the mind of law enforcement as to whether or not they have a reason to believe it is more valid. With regard to probable cause, um, I S I believe that perhaps all of us can draw the inference that the magistrate believed there was no probable cause in the search warrant because she indicated that she would not reach that issue because good faith exception was kind of a fail safe for this search. That search warrant, anybody can read that search warrants and come to the conclusion that it's entirely overbroad for any cell phone, any electronic device and with particularly, it doesn't talk about whether where they need to search the search warrant and where they need to search the cell phone, where they might find the evidence. All of us have seen it doesn't contain probable cause. Nice. I respectfully suggest that this April 4th, although the government had to get the second warrants, cause he thought the first warrant might be defective. There's no other reason cause they are right. The activity that's been clearly not the focus of that warrant in the first place. That's a defective warrant with firearms violation. I find it curious that the affidavit doesn't even make mention of that. So with that said, uh, I have nothing further and I appreciate everybody's time. Thank you, counsel. Appreciate your arguments this morning. In this case is submitted and a decision will be rendered in due course. Please call.